Filed 5/26/23 P. v. McGee CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C096832 |
| Plaintiff and Respondent, | (Super. Ct. No. STK-CR-FE-2022-0001618) |
| v. | |
| D'ANGELO L'APRIEST MCGEE, | |
| Defendant and Appellant. | |

Defendant D'Angelo L'Apriest McGee appeals from his conviction for assault with a firearm with arming and great bodily injury sentencing enhancements. On appeal, he argues that in imposing the middle term for the assault conviction the trial court failed to consider that under Penal Code[1] section 1170, subdivision (b)(6), the lower term was the presumptive sentence due to defendant's age at the time of his offense. We affirm.

---

[1] Undesignated statutory references are to the Penal Code.

1

## BACKGROUND

A jury found defendant guilty of assault with a firearm under section 245, subdivision (a)(2). In a separate proceeding, the jury further found true that defendant personally used a firearm during the commission of the offense (§ 12022.5, subd. (a)) and inflicted great bodily injury upon the victim (§ 12022.7, subd. (a)). The facts of the offense and trial are not relevant to the legal issues raised by this appeal other than the undisputed fact that defendant was 24 years old at the time of the offense.

On August 22, 2022, the trial court sentenced defendant to six years in prison. In its tentative ruling, the trial court explained it intended to impose the middle term of three years for the assault with a firearm conviction (§ 245, subd. (a)(2)) and an additional three years for the great bodily injury enhancement (§ 12022.7, subd. (a)).[2] As to aggravating circumstances, the court noted defendant's crime involved great violence, great bodily injury and other factors disclosing a high degree of cruelty, viciousness, and callousness (Cal. Rules of Court, rule 4.421(a)(1)); defendant was armed with and used a firearm at the time of the commission of the crime (*Id.*, 4.421(a)(2)); and the victim was particularly vulnerable (*Id.*, 4.421(a)(3)). In mitigation, the court explained that there were indications defendant was provoked (*Id.*, 4.423(a)(2)); that the crime was committed in an unusual circumstance that was unlikely to recur (*Id.*, 4.423(a)(3)); and that defendant had no prior criminal record (*Id.*, 4.423(b)(1)).

At the conclusion of the hearing, the trial court adopted its tentative ruling and sentence without modification.

---

[2] The court struck the firearm enhancement pursuant to section 1385, subdivision (c)(2)(B).

# DISCUSSION

Defendant contends he is entitled to remand for resentencing under Senate Bill No. 567 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731, § 1.3), effective January 1, 2022. Senate Bill No. 567 amended section 1170, former subdivision (b) to make the middle term the presumptive sentence for a term of imprisonment unless certain circumstances exist. (*People v. Flores* (2022) 73 Cal.App.5th 1032, 1038.) As relevant here, section 1170, subdivision (b)(6) provides that "unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense: [¶] . . . [¶] (B) The person is a youth, or was a youth as defined under subdivision (b) of Section 1016.7 at the time of the commission of the offense." Section 1016.7, subdivision (b) defines "youth" as "any person under 26 years of age on the date the offense was committed."

The People argue that defendant's claim has been forfeited because defendant failed to object on this basis at the sentencing hearing. We agree. The trial court sentenced defendant in August 2022, well after section 1170, subdivision (b) was amended, and the absence of a specific objection based on Senate Bill No. 567 forfeits the issue on appeal. (*People v. Scott* (1994) 9 Cal.4th 331, 351-353.) In reply, defendant concedes his claim may be forfeited but urges the court to address his argument's merits to preclude a claim of ineffective assistance of counsel. Defendant appears to be referencing a *future* claim of ineffective assistance of counsel in collateral proceedings, having not raised such a claim in the present appeal. In any event, defendant only discusses ineffective assistance in his reply brief, and we do not consider contentions asserted for the first time in a reply brief. (*People v. Duff* (2014) 58 Cal.4th 527, 550, fn. 9 [finding waiver of an ineffective assistance of counsel claim raised for the first time in reply brief].)

3

DISPOSITION

The judgment is affirmed.

/s/
<br>
BOULWARE EURIE, J.

We concur:

/s/
RENNER, Acting P. J.

/s/
HORST, J.*

---

* Judge of the Placer County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.